PER CURIAM.
This dispute is over attorney’s fees in a dissolution of marriage proceeding. The attorney for appellant/wife submitted evidence that his law firm spent 198.1 hours representing the wife, 103.6 hours of which were his personal effort. The remaining hours were for work done by other experienced members of the firm which, admittedly, overlapped at times. Another 22.7 hours of post-trial work are not included in the attorney’s “Summary of Time and Fees.” One point that the litigants agree on is that the wife’s attorney is entitled to be compensated at an hourly rate of not less than $150 per hour.
An expert witness called by the wife opined that the attorney’s services had a value of $33,120. An expert witness called by the husband valued the services of the wife’s attorney at $15,000. At the close of the hearing the court announced its ruling:
Okay, gentlemen, I am ready to rule on the other matter. The Court after reviewing the memorandums and feeling that it is informed as to the state of the law that exists today rules that the wife is entitled to attorney’s fees. The Court recognizes [counsel’s] reason for associating himself with conferences but I think that is one of the burdens that his office just has to maintain and there is duplication, there is overlapping and I am not minimizing it but I am saying, as far as the requirement to make the payment on the attorney’s fee, there is more involved than just [counsel’s] desire to have [co-counsel’s] benefit of his experience.
The court then awarded $15,000 in fees.
Appellant contends here that the award is based on the flawed opinion of the husband’s expert witness which was directly at variance with established case law and Florida Bar Code of Professional Responsibility, Disciplinary Rule 2-106.
We agree with appellee that the trial court did not abuse its discretion to the extent that it refused to compensate the wife’s attorneys for overlapping services. From the record before us, however, it cannot be discerned what number of hours the court found to be reasonable. It appears that the hours spent by members of the firm other than lead counsel were excluded. It also appears that lead counsel was not compensated for all of the hours he devoted to the case. Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) suggests that the trial court, after an evidentiary hearing on attorney’s fee, should make a finding as to what number of hours were reasonably necessary for the services rendered. The finding is particularly important where the attorney is apparently being compensated for substantially fewer hours than are claimed.
Reversed and remanded for further proceedings.