629 So.2d 874 (1993)
Joseph M. TOMAINO, Appellant/Cross-Appellee
v.
Nancy D. TOMAINO, Appellee/Cross-Appellant.
Nos. 91-1566, 91-2699.
District Court of Appeal of Florida, Fourth District.
October 27, 1993.
Rehearing Denied December 27, 1993.
*875 Donald J. Sasser of Donald J. Sasser, P.A., West Palm Beach, for appellant/cross-appellee.
Lewis Kapner of Lewis Kapner, P.A., West Palm Beach, for appellee/cross-appellant.
WARNER, Judge.
We affirm as to all issues except attorney's fees.
On the advice of a mutual friend, the wife, who lived in Massachusetts and then Florida, hired a lawyer from Illinois to act as lead counsel in a divorce proceeding in Florida. He charged $300 per hour and associated co-counsel in Florida who charged $250 per hour. The trial court found that the wife "has had" (emphasis supplied) to hire both attorneys, but there is no evidence to support her need to hire an Illinois attorney to pursue a Florida divorce. That does not mean that the wife is not free to hire whomever she wants to represent her. But the issue is whether the husband should be compelled to pay for whatever decision the wife makes.
In this case both prominent high-priced lawyers worked on the case plus various associates and paralegals from their respective offices. While there was some testimony that they did not duplicate each other's efforts, even by their own testimony and that of their expert, that was not the case. For instance, if Mr. Kapner, the Florida attorney, drafted a pleading, he would send it to Mr. Lake, the Illinois attorney, to review. By the credentials they presented to the trial court, both attorneys were very prominent, skilled members of the marital bar. It does not require one three hundred dollar an hour attorney to review the work of another equally expensive attorney. One is clearly enough. Even efforts to charge for the appearance of both lead counsel at hearings, depositions, and trial should be carefully scrutinized to avoid duplication and excessive fees which the husband is required to pay. This is not the case of the lead counsel having the assistance of associates. Instead, we have two lead counsels both charging top dollar for their duplicative efforts. Nothing was shown that the services of both were essential.
Because there was evident duplication which was not excluded, we reverse the attorney's fee award. In addition, we question whether the record supports the trial court's conclusion that it was the husband who was being uncooperative and recalcitrant in this litigation. There were numerous motions to compel filed by the wife's attorneys which were not well-taken. The wife's attorneys complained about lack of cooperation on the part of the husband's attorney, but from reviewing the record it appears that the wife was making requests for the production of nonexistent documents and voluminous Massachusetts business records to be produced in Florida. The husband's objections were generally upheld by the court. There was a change of trial judges prior to the trial so that the trial judge who actually awarded the fee did not participate in most of the discovery battles. Furthermore, the husband complained about the difficulty in dealing with two lead counsel, the duplication of effort it caused being the very reason upon which we are reversing.
Getting divorced is a very costly proposition in Florida. Attorney's fees seem to rise astronomically. If the parties have assets to fight about, attorneys fees of $50,000 to $200,000 are not unusual. We have warned before about the excesses in this area. See Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
This problem of escalating litigation and fees has to be solved. There must be an incentive on both parties to economize on legal fees and costs if the cost of divorce is to be controlled. There may be ways of limiting discovery, using court-appointed experts to review financial information rather than having each party hire their own, or allocating the sum total of reasonable fees of both parties between the litigants on some proportional *876 basis so that each shares at least some responsibility for fees in the ultimate award. The Bench, Bar and the legislature need to do some serious thinking about solutions to preserve the validity and integrity of the system. Otherwise, it will fall by its own costly weight.
Affirmed in part; reversed in part and remanded for a new attorney's fee hearing consistent with this opinion.
STONE, J., and ROSS, DALE, Associate Judge, concur.