629 So.2d 217 (1993)
DONALD S. ZUCKERMAN, P.A., Zuckerman & Venditti, P.A., and Donald S. Zuckerman, individually, Appellants,
v.
HOFRICHTER & QUIAT, P.A.; Alex Hofrichter, P.A., and Alex Hofrichter, Individually, Appellees.
Nos. 92-823, 92-1182, 92-1361 and 92-1716.
District Court of Appeal of Florida, Third District.
December 7, 1993.
Rehearing Denied January 28, 1994.
*218 Cooper & Wolfe and Sharon Wolfe, Miami, for appellants.
Wolpe Leibowitz Berger & Brotman and Steven R. Berger, Alex Hofrichter, Miami, for appellees.
Before BARKDULL[*], HUBBART and GODERICH, JJ.
PER CURIAM.
This is a consolidated appeal by Donald S. Zuckerman, P.A., Zuckerman and Venditti, P.A., and Donald S. Zuckerman, individually, [collectively Zuckerman] from an adverse final judgment entered after a non-jury trial, in which two court-appointed special masters filed reports with the court in the accounting phase of an action for dissolution of a law partnership. We have carefully reviewed Zuckerman's points on appeal, but find no reversible error presented and affirm.
First, we conclude that the trial court did not, as urged, commit reversible error in denying Zuckerman's post-judgment motion to vacate the final judgment. The fact that one of the special masters in the case did not hold a CPA license in Florida and testified below that he was a CPA did not, as urged, fatally taint the proceedings below. The special master held a CPA license in Washington, had sixteen years of experience in public accounting, and was fully qualified to do the complicated accounting work done below at the trial court's request. Although arguably he may have misspoke below by characterizing himself as a CPA because he was not licensed in this state, see § 473.322, Fla. Stat. (1991). But cf. Martuccio v. Department of Professional Regulation, Bd. of Optometry, 622 So.2d 607, 609 (Fla. 1st DCA 1993) (expert need not be licensed in state); Lee County Elec. Coop., Inc. v. Lowe, 344 So.2d 308, 310 (Fla. 2d DCA 1977) (same); this error, if any, is de minimus in nature under the circumstances of this case and affords no basis whatever to vacate the final judgment under review.
Second, the balance of Zuckerman's points are equally unpersuasive and require little discussion. The procedures followed by the special masters in this case in auditing the partnership accounts were agreed to below; Zuckerman was given credit for all sums to which he was entitled; Donald Zuckerman was properly held individually liable because the trial court properly pierced the corporate veil of his P.A.; and prejudgment interest was properly awarded. See § 620.645(3), (4), Fla. Stat. (1991); Poller v. First Va. Mortgage & Real Estate Inv. Trust, 471 So.2d 104, 106 (Fla. 3d DCA), rev. denied, 479 So.2d 118 (Fla. 1985); Fenick v. Robertson, 406 So.2d 1263, 1264 (Fla. 4th DCA 1981); Obel v. Henshaw, 130 So.2d 892, 894 (Fla. 3d DCA 1961).
Affirmed.
NOTES
[*] Judge BARKDULL did not hear oral argument, but participated in the decision.