632 So.2d 730 (1994)
DONALD S. ZUCKERMAN, P.A., Zuckerman & Venditti, P.A., and Donald S. Zuckerman, Individually, Appellants,
v.
ALEX HOFRICHTER, P.A., f/k/a Hofrichter & Quiat, P.A., and Alex Hofrichter, Individually, Appellees.
ALEX HOFRICHTER, P.A., f/k/a Hofrichter & Quiat, P.A., and Alex Hofrichter, Individually, Appellants,
v.
Donald S. ZUCKERMAN P.A., Zuckerman & Venditti, P.A., and Donald S. Zuckerman, Individually, Appellees.
Nos. 92-2368, 92-1519.
District Court of Appeal of Florida, Third District.
March 8, 1994.
*731 Cooper & Wolfe, P.A., and Sharon Wolfe, Miami, for appellants/appellees Zuckerman, et al.
Wolpe, Leibowitz, Berger & Brotman and Steven R. Berger, Alex Hofrichter, Miami, for appellees/appellants Hofrichter, et al.
Before NESBITT, JORGENSON and COPE, JJ.
PER CURIAM.
In Appeal No. 92-1519, Donald S. Zuckerman, P.A., Zuckerman and Venditti, P.A., and Donald S. Zuckerman individually appeal an order determining that Alex Hofrichter, P.A., and Alex Hofrichter individually were entitled to an award of attorney's fees in a suit for a partnership accounting. As we view the record, the trial court made the award pursuant to, and correctly applied the standards in, A.J. Richey Corp. v. Garvey, 132 Fla. 602, 182 So. 216 (1938) and Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927). We affirm.
In Appeal No. 92-2368, Alex Hofrichter, P.A., and Alex Hofrichter individually (collectively, "Hofrichter") appeal a related order which determined that Donald S. Zuckerman, P.A., would be solely liable for the above-mentioned attorney's fee award. The order denied assessment of attorney's fees against Donald S. Zuckerman, individually, and Zuckerman and Venditti, P.A.
Hofrichter appeals the denial of an attorney's fee award against Zuckerman and Venditti, P.A., and Donald S. Zuckerman, individually. The October 1, 1992 order under review was entered by a successor judge, after a final judgment of accounting had been entered. The successor judge concluded that although the final judgment of accounting had been entered jointly and severally against Donald S. Zuckerman, Donald S. Zuckerman, P.A., and Zuckerman and Venditti, P.A., the predecessor judge had not pierced the corporate veil of Donald S. Zuckerman, P.A. Recently, the final judgment of accounting was reviewed in this court. Another panel of this court concluded, in part, "Donald Zuckerman was properly held individually liable because the trial court properly pierced the corporate veil of his P.A... . ." Donald S. Zuckerman, P.A. v. Hofrichter & Quiat, P.A., 629 So.2d 217, 218 (Fla. 3d DCA 1993). Accordingly, the October 1, 1992 order is reversed and the cause remanded for proceedings consistent herewith.
Appeal No. 92-1519 affirmed; Appeal No. 92-2368 reversed and remanded.