676 So.2d 41 (1996)
DONALD S. ZUCKERMAN, P.A., Appellant,
v.
ALEX HOFRICHTER, P.A., Appellee.
ALEX HOFRICHTER, P.A., Appellant,
v.
DONALD S. ZUCKERMAN, P.A., et al., Appellees.
Nos. 94-465, 94-466.
District Court of Appeal of Florida, Third District.
June 26, 1996.
*42 Cooper & Wolfe, P.A. and Maureen E. Lefebvre and Sharon L. Wolfe, Miami, for appellant.
Arnold R. Ginsberg, P.A. and Todd R. Schwartz, Miami, for appellee.
Before NESBITT, GODERICH and GREEN, JJ.
NESBITT, Judge.
In these consolidated appeals, Donald Zuckerman, P.A., seeks review of the amount of attorney's fees awarded by the trial court below in an action for an accounting of a partnership. Alex Hofrichter, P.A., seeks to amend the same final judgment for attorney's fees to include previously unnamed parties pursuant to this court's subsequent decision in Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 632 So.2d 730 (Fla. 3d DCA 1994). Upon the following analysis, we reverse the trial court's decision as to both issues.
Initially, we address the Zuckerman firm's claim. After its formation, the law firm of Hofrichter & Zuckerman, splintered in only fifteen months. Consequently, the need for an accounting became self-evident. In the accounting, the division of fees between partners and the division of various clients and categories of clients and the few that were developing, should have been established. Then allocating the fee division into one of the various categories involved should have largely satisfied an accounting.
What followed instead is almost unparalleled in Florida jurisprudence. It became the greatest dispute imaginable over what was essentially a "non" controversy. Ultimately, Hofrichter prevailed by procuring a money judgment against Zuckerman in the sum of $187,297. One of many successor circuit judges who heard aspects of this matter determined that Hofrichter was entitled to attorney's fees under the equitable principles announced in A.J. Richey Corp. v. Garvey, 132 Fla. 602, 182 So. 216 (1938). Especially noteworthy is the fact that after Hofrichter split off and formed his own law firm, he litigated the matter with Zuckerman with the assistance of three separate other law firms. In other words, there were four law firms representing Hofrichter in this litigation.
At the outset we observe that the fees in this case were patently excessive. See Miller v. First American Bank & Trust, 607 So.2d 483, 485-86 (Fla. 4th DCA 1992) (stating courts must be particularly concerned with "notorious billable hours syndrome, with its multiple evils of exaggeration, duplication *43 and invention"), citing Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793, 804 (1964) (comparing Justice Stewart's famous concurrence, "I know it when I see it...," to excess fee awards).
Initially, Hofrichter sought the sum of $1,885,387. The case required no precedent be established and obviously and clearly there are no "extraordinary circumstances" which justify fees in excess of the judgment recovered. While the trial judge dramatically reduced the 7,000 plus attorney hours for which Hofrichter sought compensation, there is no basis for the $719,000 aggregate fee awarded. This amount is assuredly excessive in relation to the results obtained. See In re Estate of Platt, 586 So.2d 328 (Fla. 1991) (noting it is not ordinarily reasonable to spend as much legal time on a case as the amount of money in dispute); Gevertz v. Gevertz, 608 So.2d 129 (Fla. 3d DCA 1992) (requiring a court to consider the number of hours that should reasonably have been expended in particular case).
The legal basis upon which we reverse this excessive amount is that there was utterly no expert testimony to support the reasonableness of the award. While it is perfectly evident that the trial judge reduced the fee amount claimed based upon his finding of duplication, that reduction highlighted the fatal error in the determination of a reasonable (aggregate) fee.
Zuckerman claims Hofrichter employed a different expert to review each of the separate law firms' work and give expert testimony regarding the need and reasonableness of that particular firm's fee request. Hofrichter does not deny this assertion. A party has the right to hire as many attorneys as it desires, Tomaino v. Tomaino, 629 So.2d 874 (Fla. 4th DCA 1993), but the opposing party is not required to compensate for overlapping efforts, should they result. Franklin v. Stettin, 579 So.2d 245 (Fla. 3d DCA), review denied, 591 So.2d 180 (Fla.1991); Thompson v. Thompson, 492 So.2d 1154 (Fla. 3d DCA 1986). Expert opinion must be presented especially where there is a claim of duplication of legal effort. Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla.1987).
As Zuckerman correctly asserts, Hofrichter's proof fails because it rests on the assumption that when multiple counsel are employed and different experts review and evaluate each of these firm's separate efforts, an accurate determination of legal fees can be made simply by adding up the sum total calculations of experts for the various firms. This assumption is simply not correct. See Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983) (concluding knowledge of work done by co-counsel necessary to determination of reasonableness of aggregate hours); cf. St. Louis County v. Boatmen's Trust Co., 857 S.W.2d 453 (Mo.Ct.App.1993) (concluding that lessee's expert was unable to provide information upon which trial court could base its determination where expert had not read all documents associated with leases covering the property at issue); Illinois Cent. R.R. Co. v. Cullen, 235 So.2d 154, 157 (La.Ct. App.), writ denied, 256 La. 789, 239 So.2d 172 (1970) (finding that plaintiff's proof had failed where evidence did not establish all of damages sought).
This deficiency in Hofrichter's proof points out the lack of leadership and the separateness with which the four separate firms expended legal effort in representing Hofrichter. No attempt was made to bring the four litigating firms together to coordinate their efforts even down to the final fee hearing where a presentation of aggregate reasonableness was required, but not provided. Crittenden.
Again, not one of any of the attorney's fee experts called by Hofrichter's side ever made an overview and was able to render an opinion based on the aggregate reasonableness of the fee ultimately awarded. Hofrichter pointedly does not respond to Zuckerman's claim outlined above but only attempts to diffuse the matter by pointing out that the trial judge cut the fees in half and denied a multiplier in arriving at the $719,000 ultimately awarded. By simply cutting by some percentage the fee Hofrichter sought, however, the trial judge could not correct the error inherent in Hofrichter's proof.
Normally, the failure of a party to establish a prima facie case results in the entry of *44 a directed verdict in the opposing party's favor, either at the trial or appellate court level. To do so in this case, however, would be unjust. Hofrichter's entitlement to attorney's fees was established. The failure of proof goes only to the amount. Here, Zuckerman's expert did correctly render an opinion based upon the study and overview of the aggregation of the four separate law firms and arrived at an opinion based upon a proper aggregation of the legal effort involved. That figure is $214,800.
Further, on appeal from an attorney's fee award which a reviewing court has determined to be so excessive as to be beyond the bounds of reasonable discretion, we have held that the appellate court may reverse the award and remand to the trial court for reconsideration and reassessment or may amend the judgment by reducing the fee award to an amount which the court shall determine to be not more than reasonable and proper under the circumstances of the case. Dade County v. Oolite Rock Co., 348 So.2d 902 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 133 (Fla.1978).
To recapitulate, we reverse the order under review with directions to enter an amended final judgment in the amount of $214,800 plus interest where appropriate. While we observe the award was excessive, the legal basis for our reversal is the failure of Hofrichter's proof as to the amount of fees.
Finally, we find Hofrichter's claim on appeal well taken wherein the firm argues as erroneous the award which results in a money judgment only against the Zuckerman Professional Association. Hofrichter correctly points out that in a prior appearance of this case before this court, we have already determined that Zuckerman was properly held individually liable together with Zuckerman, P.A. because the trial court properly pierced the corporate veil of Zuckerman "P.A." See Donald S. Zuckerman, P.A. v. Hofrichter & Quiat, P.A., 629 So.2d 217, 218 (Fla. 3d DCA 1993) followed by Donald S. Zuckerman, P.A., 632 So.2d at 731. In sum, it is now the law of the case that both Zuckerman, personally, and Zuckerman, P.A. are responsible for the fee award.
It is time for this case to come to an end. For the foregoing reasons, we reverse both the orders under review with directions.