710 So.2d 127 (1998)
ALEX HOFRICHTER, P.A., f/k/a Hofrichter & Quiat, P.A., Appellant,
v.
ZUCKERMAN & VENDITTI, P.A., Donald S. Zuckerman, P.A., and Donald S. Zuckerman, Appellees.
No. 96-2808.
District Court of Appeal of Florida, Third District.
April 15, 1998.
Rehearing Denied June 10, 1998.
Ginsberg & Schwartz, and Alex Hofrichter, and Todd R. Schwartz, Miami, for appellant.
Lekach, Klitzner & Ansel, Cooper & Wolfe and Sharon Wolfe and Barbara A. Silverman, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
COPE, Judge.
The question presented is whether the economic loss rule bars a claim for conversion, civil theft, and constructive fraud where a defendant has converted partnership funds to personal use. We conclude that the economic loss rule does not bar such claims.
Plaintiff-appellant Alex Hofrichter, P.A., formerly known as Hofrichter & Quiat, P.A., and defendant-appellee Donald S. Zuckerman, P.A., by oral agreement formed the law partnership of Hofrichter, Quiat & Zuckerman. The law partnership terminated on March 21, 1986.
Litigation between the former partners ensued.[1] Hofrichter alleged that Zuckerman: (1) obtained six client checks in the amount of $46,658.16 which were payable to the former partnership, endorsed same, and deposited the funds in his personal bank account; (2) billed clients for services rendered by the former partnership, but had *128 them pay Zuckerman's new professional association, Zuckerman & Venditti, P.A.; and (3) without authority, wrote a $15,000 check from the former partnership account to his own professional association.[2] Hofrichter asserted claims for conversion, civil theft, constructive fraud, and conspiracy. Both parties sought an accounting.
On motion by Zuckerman, the trial court bifurcated the proceedings so that the parties' accounting claims would be tried first. Those proceedings were concluded and resulted in a judgment in favor of Hofrichter. See Donald S. Zuckerman, P.A. v. Hofrichter & Quiat, P.A., 629 So.2d 217 (Fla. 3d DCA 1994); see also Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 676 So.2d 41 (Fla. 3d DCA 1996).
In the second phase of the case, Zuckerman argued that Hofrichter's substantive claims were barred by the economic loss rule. Zuckerman reasoned that the parties had practiced law pursuant to an oral partnership agreement and thus their relationship was contractual in nature. He pointed out that Hofrichter's claims were for economic loss without any claim for personal injury or property damage. Relying primarily on this court's decision in Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490 (Fla. 3d DCA 1994), the trial court agreed and entered summary judgment in favor of Zuckerman. Hofrichter has appealed.
In this case, the claim is that by intentional misconduct, Zuckerman embezzled or converted partnership property to his personal use. This is more than a claim for a simple breach of contract.
A partner is a fiduciary with respect to other partners, see § 620.66, Fla. Stat. (1985), and partnership assets are in essence held in trust by each partner for partnership purposes. See id. § 620.68(2)(a) (unless otherwise agreed, "a partner has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess property for any other purpose without the consent of his partners"); Grossman v. Greenberg, 619 So.2d 406, 408 (Fla. 3d DCA 1993); see also Unif. Partnership Act § 21 cmt., 6 U.L.A. 608 (1995) (fiduciary obligation of partner to account for partnership property in his or her hands is obligation in nature of a trust). Consequently, the nature of the claim is one for misappropriation or theft of specific partnership property.
Although not an economic loss rule case, the decision in Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987), contains a helpful discussion of the problem now before us. The Masvidal court said:
Moreover, we are not persuaded by the argument that no civil theft or conversion occurred in this case because there was a contractual relationship between the parties. The evidence shows a classic embezzlement by the defendant of an escrow fund set up under the subscription agreement between the parties. That is, the defendant lawfully obtained possession of the plaintiff's funds to set up the escrow fund and thereafter converted the funds for his own use. This being so, the defendant, by his actions, committed an embezzlement, a civil theft and a conversion as well as a breach of contract. We do not read Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), pet. for review denied, 494 So.2d 1151 (Fla.1986) to preclude this result because there, unlike this case, the parties had a legitimate contractual dispute over the amount of a debt owed, and no embezzlement whatever occurred in that case.
505 So.2d at 556 (citations omitted).[3]
More recently, again in a non-economicloss context, this court considered whether an action for civil theft would lie where the defendant misappropriated proceeds of a certificate of deposit which, pursuant to a marital settlement agreement, were to have been paid over to the plaintiff. This court said:
Escudero asserts that where there is a contractual relationship between the parties, *129 a claim for civil theft will not lie absent a showing that the loss from the theft is separate and distinct from the loss flowing from the breach of contract. Florida law, however, does not bar civil theft simply because a contractual relationship is involved.... In this case, Hasbun has identified a specified sum of money from an identifiable account, allegedly belonging solely to her, that Escudero has allegedly misappropriated for his own use. We think that such allegations are sufficient to state a cause of action under the civil theft statute.
Escudero v. Hasbun, 689 So.2d 1144, 1147 (Fla. 3d DCA 1997) (citations omitted).
In HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), the court said:
The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract.
Id. at 1239 (citations omitted).
In our view, an action for conversion and civil theft[4] will lie where there is a claim that the defendant has misappropriated or embezzled trust funds, and such a claim amounts to an independent tort within the meaning of HTP. That analysis applies here, where the claim is that partnership property was converted to personal use.
The result we reach is in accord with the rule followed in the First and Fifth Districts. See Nerbonne, N.V. v. Lake Bryan Int'l Properties, 689 So.2d 322, 326-27 (Fla. 5th DCA 1997)("This court held that an embezzlement whereby the defendant obtains possession of the plaintiff's funds and thereafter converts the funds to his own use will justify an action for civil theft.... This court held that the mere existence of a contractual relationship between the parties does not preclude actions for civil theft and conversion."); Burke v. Napieracz, 674 So.2d 756, 758-59 (Fla. 1st DCA 1996) ("Where, as here, it was not merely a failure to perform, but an affirmative and intentional act of converting the funds to his own use by allegedly stealing the monies [with] which he was entrusted, there is not merely a breach of contract but a separate and independent tort.").
The trial court concluded that the causes of action for conversion and civil theft were precluded by this court's decision in Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490 (Fla. 3d DCA 1994). That was a mortgage foreclosure case in which the mortgage holder, Lennar, asserted that the property owner, Ginsberg (and his property management firm, MLG), had committed conversion and civil theft by failing to turn over rents to Lennar once the mortgage went into default. See id. at 492-93. This court held that the counts for conversion and civil theft would not lie, and in so saying, made the admittedly broad statement that "[w]here damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort." Id. at 494. In view of that broad statement, we cannot fault the trial court for reaching the conclusion it did in this case.
However, later in the Lennar opinion, the panel actually placed its holding on the narrow ground that Lennar "only held a lien on the rents," id. at 498, and under the mortgage documents did not have an automatic and immediate right to possession of the rents when the mortgage went into default. See id. at 499. Since "Ginsberg and MLG were rightfully in possession of the rents," id. at 501, it followed that Ginsberg and MLG could not be guilty of either conversion or civil theft. See id. at 499-501. The suggestion is that the result would have been *130 different if Lennar had had a right to immediate possession of the rents. See id.
In our view, therefore, the Ginsberg panel's broad statement that there can be no claim for conversion or civil theft where there is an underlying contract, see id. at 494, must be viewed as dictum. The actual holding of the case ruled out conversion and civil theft because Lennar had no immediate right to possession of the rents.
Hofrichter made a claim for constructive fraud, which the trial court dismissed. However, by alleging that Zuckerman abused his fiduciary relationship with the partnership by converting partnership property to his personal use, Hofrichter has stated a valid claim for constructive fraud. See Douglas v. Ogle, 80 Fla. 42, 44-45, 85 So. 243, 244 (1920); Rogers v. Mitzi, 584 So.2d 1092, 1094 (Fla. 5th DCA 1991); Allie v. Ionata, 466 So.2d 1108, 1110 (Fla. 5th DCA 1985). As with the claims for civil theft and conversion, the constructive fraud alleged here is an independent intentional tort, and summary judgment was thus improper. However, we find no error in the trial court's disposition of the conspiracy count.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] See Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 676 So.2d 41 (Fla. 3d DCA 1996); Zuckerman v. Hofrichter & Quiat, P.A., 672 So.2d 888 (Fla. 3d DCA 1996); Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 632 So.2d 730 (Fla. 3d DCA 1994); Zuckerman v. Hofrichter & Quiat, P.A., 629 So.2d 218 (Fla. 3d DCA 1993), aff'd, 646 So.2d 187 (Fla.1994); Donald S. Zuckerman, P.A. v. Hofrichter & Quiat, P.A., 629 So.2d 217 (Fla. 3d DCA 1993); Alex Hofrichter, P.A. v. Donald S. Zuckerman, P.A., 623 So.2d 829 (Fla. 3d DCA 1993); Zuckerman v. Hofrichter & Quiat, P.A., 622 So.2d 1 (Fla. 3d DCA 1993).
[2] For present purposes these claims must be taken as true, as the present proceeding arises on review of a summary judgment.
[3] The decision in Rosen v. Marlin held in substance that a mere refusal to pay money owed under a contract does not, without more, amount to conversion or civil theft. See 486 So.2d at 626.
[4] For purposes of this discussion we assume (without deciding) that the economic loss rule could be applied to a statutory cause of action, i.e., civil theft. Compare Rubio v. State Farm Fire & Cas. Co., 662 So.2d 956, 957 n. 2 (Fla. 3d DCA 1995), review denied, 669 So.2d 252 (Fla.) (economic loss rule cannot be used in order to abolish a statutory cause of action), review denied, 669 So.2d 252 (Fla.1996) with Comptech Int'l, Inc. v. Milam Commerce Park, Ltd., 22 Fla. L. Weekly D2192, D2192-93, ___ So.2d ___, ___ (Fla. 3d DCA Sept. 17, 1997) (applying economic loss rule to preclude cause of action under section 553.84, Florida Statutes).