740 So.2d 1246 (1999)
PERSHING INDUSTRIES, INC., d/b/a Vista Memorial Gardens, Appellant/Cross-Appellee,
v.
The ESTATE OF Victoria SANZ, etc., Appellee/Cross-Appellant.
No. 98-1414.
District Court of Appeal of Florida, Third District.
September 1, 1999.
*1247 Lapidus and Frankel and Robert Frankel, Miami, for appellant.
Stabinski and Funt; Bambi G. Blum, Miami, for appellee.
Before NESBITT, SHEVIN and SORONDO, JJ.

ON MOTION FOR REHEARING DENIED
PER CURIAM.
On Pershing Industries, Inc. d/b/a Vista Memorial Gardens' (Vista) Motion for Rehearing filed July 20, 1999, we deny the Motion for Rehearing but grant clarification on our original opinion. Accordingly, this court's opinion filed July 7, 1999, in this case is withdrawn, and we issue the following opinion in its place.
Pershing Industries, Inc. d/b/a Vista Memorial Gardens (Vista) appeals from a final judgment entered on an adverse jury verdict, contending that the Estate of Victoria Sanz's (Sanz) amended complaint failed to raise any triable issues of fact. This court finds no merit in Vista's contentions and affirms the final judgment entered against it below.
We now address the cross-appeal filed by Sanz. Sanz argues that the trial court was incorrect in holding that Counts III, IV, and V of the amended complaint (the claims for conversion, civil theft, and fraud in the inducement, respectively), are barred by the economic loss rule. We agree.
After hearing arguments from both sides, the trial court granted Vista's motions for summary judgment. The court held that Count V of the amended complaint failed to state a claim for fraud in the inducement, and that, in any event, the claim was barred by the economic loss rule.
The trial court was incorrect in holding that the amended complaint failed to state a claim for fraud in the inducement. The complaint alleges that Vista induced Sanz, an elderly woman, "to enter into [a] contract by intentionally and knowingly misrepresenting to her that she would be receiving two interment rights," that "[Sanz] justifiedly relied on *1248 the misrepresentations to her detriment," and that "[Vista's] conduct constituted fraud." Failing to attach the label of "fraud in the inducement" should not preclude a legitimate claim when it is clear from the allegations that Sanz relied on Vista's misrepresentations in entering into the agreement. Furthermore, the evidence suggests that Vista's representative told Sanz that she had won a raffle that never existed.
In light of these facts, it is clear that there are disputed material issues of fact concerning whether Vista fraudulently induced Sanz into purchasing the interment rights, and summary judgment is therefore improper. See Burton v. Linotype Co., 556 So.2d 1126, 1128 (Fla. 3d DCA 1989) ("Fraud is ordinarily inappropriate for summary disposition; only after a full explanation of the facts and circumstances can the occurrence of fraud be determined.").
As to the economic loss rule, at the time the court's orders granting summary judgment were entered, the issue of whether the rule eliminated causes of action based upon torts independent of a breach of contract was pending in the Florida Supreme Court. Shortly thereafter, the Supreme Court decided HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla. 1996), holding that:
The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract. Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract.
Id. at 1239 (citations omitted).
Based on the decision in HTP, Sanz moved for a rehearing on the issue of the economic loss rule. The motion was denied. In light of HTP, Sanz's motion should have been granted, and Vista's motions for summary judgment on the fraud counts should have been denied.
As with the claim of fraudulent inducement, the conversion and civil theft claims alleged in Counts III and IV of the amended complaint are independent torts, and summary judgment was improper. This court has consistently held that the economic loss rule does not preclude independent tort claims that fall outside the scope of a breach of contract. See Alex Hofrichter, P.A. v. Zuckerman & Venditti, P.A., 710 So.2d 127 (Fla. 3d DCA) (where defendant, by intentional misconduct, converted plaintiff's property to his own use, this was more than a claim for a simple breach of contract and actions for conversion and civil theft were not barred by economic loss rule), review denied, 728 So.2d 206 (Fla.1998); Escudero v. Hasbun, 689 So.2d 1144 (Fla. 3d DCA 1997). In a 1996 decision, the First District Court of Appeal similarly held that where the defendant's acts were "not merely a failure to perform, but an affirmative and intentional act of converting the funds to his own use by allegedly stealing the monies to which he was entrusted, there is not merely a breach of contract but a separate and independent tort." Burke v. Napieracz, 674 So.2d 756, 758 (Fla. 1st DCA 1996).
We conclude that the Sanz's claims for fraud in the inducement, conversion, and civil theft are independent torts and are not barred by the economic loss rule.
The final judgment entered against Vista upon the jury's verdict is affirmed. The orders granting summary judgment against Sanz on Counts III, IV, and V of the amended complaint are reversed and the case is remanded for further proceedings.