RAMIREZ, J.
The Estate of Victoria Sanz, plaintiff below, appeals the denial of its request for trial attorney’s fees following remand from an affirmance of a partial final judgment. Because the trial court has the discretion to defer consideration of the motion until this litigation is concluded, we affirm.
Plaintiff sued Pershing Industries, Inc., for damages under the Florida Cemeteries Act and the Unfair and Deceptive Trade Practices Act. The complaint also contained counts for fraud in the inducement, conversion, civil theft and punitive damages. All counts were based on allegations of wrongdoing by Pershing Industries in connection with the sale of burial plots to Victoria Sanz. The trial court entered pretrial orders that effectively limited the plaintiff to a jury trial on the statutory causes of action without their fraud and punitive damages assertions. That trial resulted in a jury verdict for the plaintiff. On appeal and cross appeal to this Court, the verdict was affirmed and the pretrial orders were reversed and the case remanded for trial on the remaining counts. Pershing Indus. d/b/a Vista Memorial Gardens v. Estate of Sanz, 740 So.2d 1246 (Fla. 3d DCA 1999). Plaintiffs motion for appellate attorney’s fees was granted with a remand to the trial court to set the amount.
On remand, in addition to the appellate fees request, plaintiff requested attorney’s fees for work done on the statutory claims trial. The trial court referred all attorney’s fees issues to the General Master who, after a hearing, awarded a sum for the appellate fees but denied the request for trial fees because the other counts which had been remanded by this Court had not yet been tried. Plaintiff filed exceptions to the General Master’s report. The exceptions were denied by the trial court. We hold that this was within the trial court’s discretion and, thus, is not *1267 reversible error. See Arango v. Cainas, 666 So.2d 970, 971 (Fla. 3d DCA 1996).
Affirmed.