PER CURIAM.
The parties dispute the market value of Appellant’s antique jeep, which was damaged beyond repair in a collision. Despite conflicting affidavits of ostensible experts, the trial court granted summary judgment for Appellee. The trial court also granted summary judgment on Appellant’s claim for damages for loss of use. We reverse in part and affirm in part.
Appellant contends that the deposition testimony of his two expert witnesses, Franklin E. Artes and Thomas Wray, was sufficient to establish a material fact dispute on market value. The trial court disregarded the testimony of both witnesses, albeit for different reasons. It disregarded the testimony of Mr. Artes because he admitted in his deposition that he was not licensed or trained as a professional appraiser. It disregarded the testimony of Mr. Wray because he relied on hearsay in arriving at his opinion. Regarding Mr. Wray’s analysis, the trial court commented:
You know, the expert doesn’t sound like an expert to me based on what I know about experts. And basically what he’s doing is he’s saying I keep records of what people sell their cars for. And so based upon that, I have an opinion. Well, that’s not an expert. That makes a computer an expert. You could call a computer as a witness.
We conclude that the trial court erred in disregarding the testimony of both witnesses.
Mr. Artes qualifies as an expert notwithstanding his lack of licensure or professional training. An expert is a person who is qualified in a subject matter “by knowledge, skill, experience, training, or education.” § 90.702, Fla. Stat. (2008) (emphasis added). This definition “applies not only to persons with scientific or technical knowledge but also to anyone with any specialized knowledge.” C. Ehrhardt, Florida Evidence, § 702.1 (2010 ed.). The lack of licensure in Florida does not disqualify a person from testifying as an expert. Davis v. S. Fla. Water Mgmt. Dist., 715 So.2d 996, 998 (Fla. 4th DCA 1998). A witness may be qualified to give expert testimony based on knowledge he obtained from his occupation or business. Sihle Ins. Group, Inc. v. Right Way Hauling, Inc., 845 So.2d 998, 1000 (Fla. 5th DCA 2003).
Mr. Artes has been the owner of Jeep-ers Den and Truck Accessories since 1997. Part of his business includes appraising and consigning Jeeps like the one Appellant owns. He learned appraisal methodology through his experience as a licensed residential appraiser for several years. He provides valuation opinions • on Jeeps for the public, including numerous insurance companies. He personally maintains records on Jeep sales and keeps himself aware of prices by use of internet websites. Although Mr. Artes testified that he does not describe himself as an “expert” because of his lack of professional training in vehicle appraisals, he considers himself “pretty knowledgeable in the Jeep industry.” Especially given the procedural posture of the case, we conclude that it was error to disregard Mr. Artes’ opinions.
Mr. Wray is a professional appraiser and expert witness who has appraised cars for over thirty years. His expertise is not in dispute. Mr. Wray’s investigation included a physical inspection of Appel *45 lant’s vehicle and discussions with him about its restoration, modification, customization, and upgrading. Mr. Wray prepared a written appraisal report. Although he concluded that he could not find a vehicle in the market that was exactly comparable to Appellant’s Jeep, which he described as “one of a kind,” he used a market survey methodology to arrive at a value opinion. This involved contacting other persons to gather data on Jeep prices, rather than looking at recognized sources such as Kelley or NADA value books.
It is axiomatic that an expert may rely upon hearsay in arriving at an opinion, provided that the hearsay is of the type reasonably relied upon by experts in the field. Section 90.704, Florida Statutes (2009), makes this clear by providing that facts or data upon which an expert bases an opinion need not be admissible in evidence if they are of the type reasonably relied upon by experts in the subject. E.g. Schoenwetter v. State, 931 So.2d 857 (Fla.2006) (medical examiner who did not perform autopsy could rely on medical files, chart and conversations with physician who conducted autopsy in forming opinion on cause of death); King v. Auto Supply of Jupiter, Inc., 917 So.2d 1015 (Fla. 1st DCA 2006) (not error to allow doctor to rely on inadmissible surveillance report in rendering opinion); Houghton v. Bond, 680 So.2d 514 (Fla. 1st DCA 1996) (no error in allowing defendant’s expert to rely on inadmissible government study containing crash test data); Casa Linda Tile & Marble Installers, Inc. v. Highlands Place 1981, Ltd., 642 So.2d 766 (Fla. 4th DCA 1994) (no error in allowing architect to rely on lay witness’s test of tiles in formulating expert opinion). In attempting to place a value on personal property, especially unique property such as a customized, vintage automobile, it is entirely reasonable for an expert to consult knowledgeable people and sources concerning sales and market trends to arrive at an estimate of value.
For these reasons, the trial court should not have disregarded the testimony of Appellant’s expert witness. We agree, however, with the trial court that loss of use damages were unavailable here. See Meakin v. Dreier, 209 So.2d 252 (Fla. 2d DCA 1968).
REVERSED in part; AFFIRMED in part, and REMANDED.
PALMER, J., concurs.
TORPY, J., concurs and concurs specially with opinion.
COHEN, J., dissents with opinion.