COHEN, J.
Former Wife, Amy Grover, challenges an order granting Former Husband’s, Christian A. Grover, petition for modification and partially granting her request for attorney’s fees. We affirm the judgment in all respects, except the trial court’s decision to partially deny and reduce Former Wife’s request for attorney’s fees.
Former Husband’s petition for modification and Former Wife’s request for attorney’s fees were tried before a magistrate. The magistrate correctly determined that Former Wife was entitled to an award of attorney’s fees based on the disparity in the parties’ incomes.[1] As to amount, Former Wife presented evidence that she was represented by two attorneys. Her primary attorney, Richard Wilson, spent 54.75 hours and billed $800 an hour for a lodestar of $16,425. The second attorney, Angela Robinson, billed 7 hours at $150 an hour for a lodestar of $1,050.
The magistrate found that Wilson’s hours and hourly rate were reasonable, but recommended his fee be reduced to $12,295 based on Former Wife’s “bad faith” conduct. The magistrate recommended that no fees be awarded to Robinson because she did not expressly request a fee award in her supporting affidavit or when she testified at trial.[2] The trial court adopted the magistrate’s recommendation to reduce Wilson’s fees. It also agreed with the denial of fees for Robinson, but articulated a different rationale: Former Wife did not present any evidence showing a need for more than one attorney, citing Osherow v. Osherow, 785 So.2d 743 (Fla. 4th DCA 2001).
We recognize that Osherow, 785 So.2d at 743, states “a court should not assess fees for multiple lawyers used by a requesting party unless the trial court concludes that there is a need for more than one lawyer on the case.” This statement, however, appears to be overbroad in light of the fact that the court cited Tomaino v. Tomaino, 629 So.2d 874 (Fla. 4th DCA 1993), as support. Tomaino stands for the proposition that a trial court should reduce a party’s request for attorney’s fees when multiple attorneys bill for duplicative work. See also Brevard County v. Canaveral Props., Inc., 696 So.2d 1244, 1245 (Fla. 5th DCA 1997); Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 676 So.2d 41, 43 (Fla. 3d DCA 1996). It appears the Osherow court followed this legal principle when it affirmed the trial court’s decision to award only a fraction of the fees sought by multiple attorneys.
*335 We do not believe Osherow supports the trial court’s decision, in the instant case, to deny Former Wife’s request for attorney’s fees for Robinson. The issue is not whether there is a need to hire or have more than one attorney, but whether the attorneys engaged in duplicative billing, and, if so, the amount by which the award must be reduced. See Tomaino; Brevard County. It is not uncommon for firms to allocate certain tasks to a lawyer who bills at a lower hourly rate in an effort to reduce a client’s bill or to allocate tasks based on an attorney’s expertise. There is nothing improper in either scenario and we do not believe the requesting party must present evidence justifying the use of a second lawyer.
In the case at bar, there does not appear to be any evidence that the work performed by the two attorneys was duplicative. However, because the trial court may not have explored this issue, we remand for the trial court to reconsider the entire attorney’s fee award pursuant to Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997).[3]
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PALMER and EVANDER, JJ., concur.

. Former Wife earned $9,492 per year while Former Husband earned over $100,000 per year, plus benefits.

. This was not a valid basis to deny Robinson a fee award.

. Former Wife's brief challenged the judgment’s lack of findings as to bad faith. However, that issue was not preserved for appeal because she did not file a motion for rehearing. See Anaya v. Anaya, 987 So.2d 806 (Fla. 5th DCA 2008).