# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-1264; 3D15-2440
Lower Tribunal No. 13-11848

_____

**Florida Laundry Services, Inc., etc.,**
Appellant,

vs.

**Sage Condominium Association, Inc., etc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Ferdie and Lones and Ainslee R. Ferdie, for appellant.

Michael C. Compo, for appellee.

Before WELLS, EMAS and LOGUE, JJ.

EMAS, J.

In this consolidated appeal, Florida Laundry Services, Inc. appeals a final judgment entered in favor of defendant, Sage Condominium Association ("Sage") following a three-day nonjury trial, as well as a subsequent final order awarding attorney's fees and costs in favor of Sage.

Upon our review of the record on appeal, we affirm the trial court's final judgment, which was supported by competent, substantial evidence and which properly found, upon the evidence presented, that Sage was excused from performance of the lease agreement by the doctrine of impracticability. See Restatement (Second) of Contracts § 261 (Am. Law Inst. 1981) (providing that "[w]here after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary"). Florida law has embraced this defense, calling it a "cousin" of the defense of impossibility, Ferguson v. Ferguson, 54 So. 3d 553, 556 (Fla. 3d DCA 2011), and explicitly recognizes that "[t]he doctrine is not limited to strict impossibility, but includes 'impracticability' due to unreasonable expense." Hopfenspirger v. West, 949 So. 2d 1050, 1054 (Fla. 5th DCA 2006).

We reject the other claims raised on appeal of the final judgment, including the assertion that the trial court erred in determining Sage's expert witness to be

2

qualified to offer expert opinions and erred in considering such expert testimony. "It is well established that the acceptance or rejection of expert testimony is a matter within the sound discretion of the trial court, and such decision will not be overturned on appeal absent a showing of abuse of discretion." Kaiser v. Harrison, 985 So. 2d 1226, 1232 (Fla. 5th DCA 2008). See also Ramirez v. State, 542 So. 2d 352, 355 (Fla. 1989) (holding that the "determination of a witness's qualifications to express an expert opinion is peculiarly within the discretion of the trial judge, whose decision will not be reversed absent a clear showing of error"). Under section 90.702, Florida Statutes (2015), a witness may be "qualified as an expert by knowledge, skill, experience, training, or education. . . ." (Emphasis added.) See also Vega v. State Farm Mut. Auto, 45 So. 3d 43, 44 (Fla. 5th DCA 2010). An expert is not required to be licensed in the State of Florida in order to be qualified to offer expert testimony. Donald S. Zuckerman, P.A. v. Hofrichter & Quiat, P.A., 629 So. 2d 217 (Fla. 3d DCA 1993); Lee County Elec. Co-op, Inc. v. Lowe, 344 So. 2d 308 (Fla. 2d DCA 1977).

Finally, we affirm the final order awarding attorney's fees and costs to Sage as the prevailing party below. The trial court correctly applied the law in determining Sage's entitlement and properly exercised its discretion in determining the reasonable attorney's fees and costs to be awarded.

Affirmed.

3