784 So.2d 475 (2001)
The CITY OF MIAMI, Appellant,
v.
Laylene Guillene Hong-DE LA CRUZ, Appellee.
No. 3D00-1200.
District Court of Appeal of Florida, Third District.
March 14, 2001.
*476 Alejandro Vilarello, City Attorney, and Julie O. Bru, Assistant City Attorney, and Myrna D. Bricker, Assistant City Attorney, for appellant.
Koltun & Lazar, P.A. and Jeffrey N. Anderson, Davie, for appellee.
Before GREEN, SHEVIN, and SORONDO, JJ.
GREEN, J.
This is an appeal from an order granting the appellee/plaintiff, Laylee Guillene Hong De La Cruz, a new trial on damages following a jury trial in a negligence action. For the reasons which follow, we affirm.
On March 9, 1997, De La Cruz was attending the Calle Ocho street festival with her former husband.[1] Officer Victor Jimenez, of the City of Miami Police Department, was on duty at the festival and stationed in a watch tower constructed for the event. From his position in the tower, Officer Jimenez saw a fight break out in which a man hit another man over the head with a bottle. The officer climbed down the ladder while allegedly keeping eye contact with the suspect. If he lost eye contact, the officer knew that he would be required to stop his pursuit and set-up *477 a perimeter using his radio. Once down the ladder, the officer gave chase after the suspect who had begun to run away. Thereafter, Officer Jimenez collided with De La Cruz causing her to fall and injure her knee.
De La Cruz and her husband went directly to the police station to make a full report of the incident. They went home to get her insurance card, at which time her son took photographs of her knee. They then went to the emergency room at Palmetto Hospital, where x-rays were taken and De La Cruz was advised to see an orthopedic surgeon.
De La Cruz went to see Dr. Lazaro Guerra, an orthopedic surgeon, the following day. Dr. Guerra's notes reflect that the x-rays taken showed an avulsion fracture of the interior aspect of the patella. De La Cruz was treated by Dr. Guerra until August of 1997, and saw him twice in 1998 due to continued pain in her knee. Eventually, a friend referred her to another orthopedic surgeon, Dr. Roberto Moya.
At trial, Dr. Moya testified that De La Cruz had a fractured right patella and was having post-traumatic arthritis or chondromalacia of the patella. He further testified that within a reasonable medical probability, the chondromalacia De La Cruz was experiencing was a result of being knocked to the ground on March 9, 1997. Dr. Moya recommended that De La Cruz have arthroscopic surgery on her knee, at a cost of seven (7) to ten (10) thousand dollars. Moreover, the doctor gave De La Cruz a seven percent (7%) impairment rating. The City did not present any testimony to contradict or discredit Dr. Moya's testimony.
At the close of all of the evidence, De La Cruz moved for a directed verdict on the issue of comparative negligence. The trial court granted the motion. The City moved for a directed verdict on the issue of liability, claiming that pursuant to section 768.28, Florida Statutes (1997), it was entitled to sovereign immunity protection. This motion was denied.
The jury returned a verdict in favor of De La Cruz on the issue of liability, but only awarded her damages of $7,109 for past medical expenses. The jury awarded De La Cruz zero damages for future medical expenses or for past or future pain and suffering. Before the verdict was accepted or published, the judge called a sidebar and informed counsel that he believed that the jury's verdict was improper.[2] De La *478 Cruz accepted the verdict, and moved for a new trial on the issue of damages only. The City objected, claiming that if a new trial was warranted, it should be on both liability and damages. The City also moved for judgment in accordance with its motion for directed verdict. The trial court denied the City's motion and granted De La Cruz a new trial on damages only. This appeal followed.
The City claims that the trial court erred in denying its motion for directed verdict on the grounds of sovereign immunity. We disagree. We believe that Officer Jimenez's actions of chasing a suspect through a crowd of people, on foot, were operational in nature and not immune from suit. In City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla.1992), the supreme court found that the method chosen by police officers engaging in hot pursuit is an operational function that is not immune from liability if accomplished in a manner contrary to reason and public safety. See also Kaisner v. Kolb, 543 So.2d 732, 735-36 (Fla.1989) (holding that: "[w]here a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." (citations omitted)). Although City of Pinellas Park involved a high-speed vehicular chase, we see no logical reason why the same analysis should not be applicable to the high-speed foot chase in this case.
The City next argues that the trial court abused its discretion by rejecting the jury's verdict and determining the verdict to be inadequate and unreasonable as a matter of law. We disagree. Here, De La Cruz provided sufficient testimony and evidence to establish that she was injured as a result of the City's negligence. Moreover, the City presented no testimony or evidence to refute the fact that De La Cruz was injured, experiences pain and suffering and will require future medical treatment. We have previously held that:
where as here, the evidence is undisputed or substantially undisputed that a plaintiff has experienced and will experience pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law.
Dolphin Cruise Line v. Stassinopoulos, 731 So.2d 708, 710 (Fla. 3d DCA 1999). Therefore, the verdict was not in accord with the record evidence and a new trial is warranted.
Finally, the City claims that if a new trial is appropriate, it should be on both liability and damages. We again disagree. The controlling principle applicable here provides that:
[t]o grant a new trial on the issue of damages alone, it must appear that on the evidence adduced at the trial the liability of the defendant was unequivocally established without substantial dispute and the inadequacy of the verdict was induced by a misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not as a result of a compromise by the jury on the issue of liability.
Rivera v. Aldrich, 538 So.2d 1390, 1391 (Fla. 3d DCA 1989). A new trial, solely on damages is appropriate here since liability was clearly established without substantial dispute. In fact, there could be no "compromise" on the issue of liability because *479 De La Cruz's motion for directed verdict on the comparative negligence issue was granted and has not been challenged on appeal by the City. Therefore, we can only conclude that the verdict on damages was inadequate and not a result of a compromise on the issues.
Affirmed.
NOTES
[1] The Calle Ocho street festival is one of the most popular events in Miami. As single-day events go, it is one of the biggest in the country. It was estimated that between 800,000 and 1.5 million people attended throughout the day in 1997.
[2] Specifically the following colloquy took place:

THE COURT: I believe this is improper. The jury found negligence and they awarded medical expenses in the full amount of the medical expenses, but they didn't award for pain and suffering.
DE LA CRUZ'S COUNSEL: That's obviously a scrivener's error.
THE COURT: You have to award something even if it is a minimum amount.
THE CITY'S COUNSEL: Well, they didn't. The law requires that the jury instructions say that the amount is up to them.
THE COURT: The cases say that if there is medical expenses and that they find she was injured, they have to award something for pain and suffering.
THE CITY'S COUNSEL: I'm not familiar with that case law.
THE COURT: I am giving the plaintiff the opportunity to accept the verdict at this time; and if the law is as I think it is, I will grant you a new trial. Or do you want me to send them back and say they have to award pain and suffering?
THE CITY'S COUNSEL: What kind of instructions are they going to be given to that effect?
THE COURT: IF the plaintiff decided I should send them back, I will tell the jury that once they found negligence and found medical bills, they must award something for pain and suffering.
THE CITY'S COUNSEL: I don't believe that is the case law.
THE COURT: What do you want me to do?
DE LA CRUZ'S COUNSEL: I will accept the verdict this way.
THE COURT: Bring me the law. File a motion for new trial with the law. If it is as I think it is, I will immediately grant you a new trial.