674 So.2d 756 (1996)
Dot G. BURKE, Appellant,
v.
Joseph NAPIERACZ, Sr., Appellee.
No. 95-1260.
District Court of Appeal of Florida, First District.
March 25, 1996.
Rehearing Denied June 18, 1996.
*757 Kelly B. Mathis, Gobelman and Love, Jacksonville, for Appellant.
Adam J. Kohl and Scott D. Makar of Holland & Knight, Jacksonville, for Appellees.
MICKLE, Judge.
Dot G. Burke (Burke), plaintiff below, appeals from the entry of an adverse summary judgment and from an order denying her motion for summary judgment. We affirm the denial of Burke's motion for summary judgment and reverse the summary judgment entered in favor of Joseph Napieracz, Sr. (Napieracz), defendant below.
The record pertinent to the instant appeal consists of the complaint, the affidavits of Burke and Napieracz, Napieracz's responses to requests for admission and interrogatories, the deposition of Burke, and a pre-trial stipulation. Construed in the light most favorable to Burke, the underlying facts are as follows. Prior and up to February 1991, Burke, a widow, owned a home and property in Jacksonville, appraised at $40,000. In January 1991, Burke decided to move to Belize to live with her son. She discussed with Napieracz, her then close personal friend, options for disposing of her home. Upon Napieracz's suggestion, an oral agreement was reached whereby Burke would convey her home to Napieracz's two sons, in consideration for payment by Napieracz in the amount of $100 per month for 15 years, representing Burke's equity in the property. In addition, Napieracz was to assume the current mortgages, totalling approximately $14,400. Pursuant to this agreement, on February 8, 1991, Burke transferred by quitclaim deed her right, title and interest to the home to Napieracz's two sons. Following this transaction, however, Burke never received any of the agreed-to $100 monthly payments.
Separate and aside from the agreement for the sale of the house and property, Burke and Napieracz also reached an oral agreement whereby Napieracz was placed as an authorized signatory on Burke's personal savings account in Jacksonville. Pursuant to this agreement, Napieracz was to receive and deposit Burke's monthly social security checks and forward funds to Burke in Belize *758 as requested. Burke, however, received only a portion of the funds requested.
Based upon these underlying facts, Burke filed a four-count complaint, of which Counts I, III and IV are pertinent to this appeal. Count I alleged breach of contract by virtue of Napieracz's failure to make the $100 payments in accordance with the agreement to purchase the home. Count III alleged conversion in that Napieracz converted a portion of the social security funds to his personal use. Count IV alleged civil theft in that Napieracz obtained and used the social security funds with the intent to deprive Burke of her right to said funds and with the intent to appropriate them to his own use.
Napieracz answered the complaint, asserting the following affirmative defenses: (1) Count I is barred by the statute of frauds; (2) Counts III and IV are barred by the economic loss rule. In due course, both Burke and Napieracz filed motions for summary judgment. Without discussion, we affirm the denial of Burke's motion for summary judgment. We reverse, however, as set forth below, the entry of summary judgment in Napieracz's favor on Counts I, III and IV, in accordance with the asserted affirmative defenses.
Turning first to Count I, we conclude the trial court erred in determining, as a matter of law, that the statute of frauds bars Burke's action on the oral contract for the sale of the house and property. In so ruling, the court failed to apply the longstanding exception to the statute of frauds, to wit: when a party to an oral contract has fully performed his or her obligations under the contract, the statute of frauds may not be employed as a defense. See Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937); Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987) (partial or complete performance removes an agreement from the statute of frauds irrespective of whether such an agreement contains as the subject the conveyance of land); W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA 1980). Herein, Burke has fully performed her obligations under the oral contract by transferring the rights to her home and property, and she now asserts a claim for recovery of the agreed-upon consideration. Napieracz, citing this court's recent decision in Collier v. Brooks, 632 So.2d 149 (Fla. 1st DCA 1994), contends that the doctrines of part and full performance are not available to Burke because she is not seeking the equitable remedy of specific performance. We do not view our decision in Collier as abolishing the doctrine of full performance in this context. Moreover, we deem Count I herein to be a claim for specific performance, as opposed to an action for damages at law, in that Burke is requesting complete performance of Napieracz's obligations under the contract and is not requesting money damages based upon the cost to her of the breach of contract.
Turning to Counts III and IV, we conclude that the trial court erroneously ruled that the economic loss rule bars Burke's actions for conversion and civil theft. The economic loss rule does not preclude a cause of action for a tort distinguishable from, or independent of, the breach of contract. See AFM Corp. v. Southern Bell, 515 So.2d 180 (Fla.1987). In the case sub judice, Counts III and IV allege independent acts, separate from any direct contractual proscription. Napieracz was to receive specifically identifiable social security funds, deposit those funds in an identifiable bank account, and forward the funds to Burke. He was not authorized to withdraw monies from the account except as specifically authorized by Burke. Breach of the agreement herein would have consisted of his failure to either deposit the social security checks and/or to provide the funds to Burke as requested. In either case, damages for the breach of contract would be based upon the failure to perform either of these obligations. Herein, however, Napieracz not only failed to forward money from Burke's social security checks, but he allegedly took such funds for his own personal use. Where, as here, it was not merely a failure to perform, but an affirmative and intentional act of converting the funds to his own use by allegedly stealing the monies to which he was entrusted, there is not merely a breach of contract but a separate and independent tort. We conclude that Burke averted the economic loss rule bar by alleging, in Count III, a duty on the part of *759 Napieracz not to convert the social security funds, and in Count IV, a violation of a legislatively imposed duty to avoid civil theft. See Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987). Furthermore, with regard to the claim for civil theft, under the circumstances of this case, we decline to allow the economic loss rule to abrogate a legislatively created scheme designed to extend a civil remedy to those harmed by alleged criminal activity.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings.
JOANOS and LAWRENCE, JJ., concur.