765 So.2d 279 (2000)
Marvin KATZ and Estetica Salons, Inc., Appellants,
v.
Robert WOLTIN and Louie Louie, Inc., et al., Appellees.
No. 4D99-2100.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
*280 Gary E. Susser of Law Office of Gary E. Susser, Boynton Beach, for appellants.
James K. Pedley, Fort Lauderdale, for appellees.
WARNER, C.J.
The trial court entered final summary judgment in favor of appellees, finding that all causes of action pled were based upon an illegal contract which the courts would not enforce. In line with abundant authority, we affirm the trial court, concluding that an illegal contract cannot be the basis of a cause of action either in law or in equity.
According to the allegations of the complaint, appellee Robert Woltin approached appellant Marvin Katz, who operated a hair salon in Fort Lauderdale on leased premises, and proposed forming a partnership to open a restaurant in the location of the salon. Woltin offered to make Katz a 25% shareholder in the restaurant, which would be known as "Louie, Louie." Katz agreed, and Louie Louie was incorporated with Woltin being named the sole director. Woltin also deposited $10,000 into the salon account to pay for various expenses to transform the property into a restaurant. Woltin persuaded Katz to assign the lease of the restaurant to the corporation and agreed to give Katz stock certificates representing his ownership interest in the restaurant. Although Katz assigned the lease to the restaurant, he did not receive the stock certificates. Shortly thereafter, Woltin reneged on his promise and refused to tender any stock to Katz and fired him from his job at the restaurant.
As a result, Katz filed suit against Woltin and Louie Louie making various claims including breach of a fiduciary duty based upon the alleged partnership between them, fraudulent inducement to assign the lease, negligent misrepresentation, breach of contract, and rescission. All causes of action arose out of the agreement for Katz to obtain an interest in Louie Louie.
In his last amended complaint, Katz alleged that he was under a legal disability that precluded him from owning stock himself in the corporation because he had been convicted of a felony within the past fifteen years. He testified in his deposition that he intended to put the stock in his daughter's name. However, because Florida law prohibits a person convicted of a felony to have an interest in a liquor license, and the restaurant had a liquor license, both parties agreed that neither Katz nor his daughter could legally own the stock. See §§ 561.15, 561.17, Fla. Stat. (1997); Robbie's Yum Yum Tree West, Inc. v. Div. of Beverage, Dept. of Business Regulation, 330 So.2d 743 (Fla. 1st DCA 1976). Thus, the agreement to sell Katz stock violated Florida law.
The contract being illegal, no action may be brought on it, whether in law or in equity. As was said in Local No. 234 of United Ass'n of Journeymen and Apprentices of Plumbing v. Henley & Beckwith, Inc., 66 So.2d 818, 823 (Fla.1953):
[a]greements in violation of public policy are void because they have no legal sanction and establish no legitimate *281 bond between the parties. (Citation omitted). Because of this the defendant may assert the invalidity of the contract even though he is a participator in the wrong. This is so for the reason that one who has entered into a contract or undertaking which is violative of public policy owes to the public the continuing duty of withdrawing from such an agreement.
See also Hoffman v. Boyd, 698 So.2d 346 (Fla. 4th DCA 1997); Castro v. Sangles, 637 So.2d 989 (Fla. 3d DCA 1994).
As all counts at issue in this appeal were based upon an illegal agreement, the trial court correctly granted summary judgment.
Affirmed.
GUNTHER and STEVENSON, JJ., concur.