810 So.2d 968 (2002)
Susan DUNCAN, Appellant,
v.
KASIM, INC., Appellee.
No. 5D01-1005.
District Court of Appeal of Florida, Fifth District.
February 1, 2002.
Rehearing Denied March 18, 2002.
*969 Bruce A. Hochstetler, Daytona Beach, for Appellant.
Diego Handel, of Glasser and Handel, Daytona Beach, for Appellee.
SHARP, W., J.
Duncan appeals from a final summary judgment which determined she had no viable cause of action against Kasim, Inc. ("Kasim") because the contract entered into between them was illegal. In her complaint, Duncan alleged six counts against Kasim: 1) temporary and permanent injunctive relief; 2) breach of contract; 3) replevin; 4) unjust enrichment; 5) conversion; and 6) civil remedies for criminal practices. On appeal, Duncan argues that the counts dealing with conversion and unjust enrichment should not have been dealt with by summary judgment because the record poses issues of material fact as to those counts. We agree and reverse.
This case arose out of a management agreement executed by Duncan and Kasim in October of 1997. Duncan undertook the management of the beverage-lounge of a Super 8 Lodge located in Daytona Beach, Florida, which was owned by Kasim. Essentially, Duncan rented space in the lodge and was to operate a bar on the premises and retain all profits. Duncan paid fees or rent to Kasim, and she was to bear all operational expenses and costs of renovations, alterations and remodeling. Furnishing the bar-lounge with furniture, glasses, etc., and stocking it with alcohol and other items for sale were Duncan's sole responsibility.
Reading the record in favor of Duncan, which we must do,[1] Duncan made improvements to the property, placed substantial amounts of personal property in the premises, paid for the full stocking of beverages, and managed the property until early November 1998. A dispute arose between the parties, no doubt caused by the fact that Duncan had failed to disclose to Kasim the fact that she was a convicted felon. This made her management of the premises illegal, pursuant to section 562.13(3)(a), Florida Statutes.[2] In December 1998, Kasim *970 denied Duncan access to the premises and appropriated all of Duncan's personal property, appliances and fixtures located on the premises.
Kasim alleged it returned certain items to Duncan and settled her replevin claim. However, for purposes of summary judgment, issues of fact regarding her unjust enrichment and conversion counts remained to be resolved unless they are barred by the illegality of Duncan's contract to manage the lounge.
Kasim argues that Katz v. Woltin, 765 So.2d 279 (Fla. 4th DCA 2000), is controlling. In that case, Katz entered into a contract with Woltin to open a restaurant in a location leased to Katz as a hair salon. Katz would assign the lease to a corporation owned by Woltin, and Woltin would give Katz stock certificates representing his ownership interest in the restaurant. Katz assigned the lease. However, Woltin did not deliver the stock certificates and he fired Katz from his job in the restaurant.
Katz, like Duncan in this case, had a felony conviction and thus could not legally have an interest in a liquor license. The restaurant had a liquor license, making it illegal for him to own stock in the corporation. The court denied Katz any remedy against Woltin on the ground that all of the counts at issue (breach of fiduciary duty based on an alleged partnership between Katz and Woltin, fraudulent inducement to assign the lease, negligent misrepresentation, breach of contract, and recision) arose out of the illegal agreement for Katz to obtain an interest in the restaurant.
Although some of the counts in this case were based on the illegal contract between Duncan and Kasim, we think her claims for conversion of her personal property and unjust enrichment were not. For example, if a contract is entered into for the sale of illegal drugs and the buyer takes the drugs without paying for them, courts will not enforce the contract by requiring the buyer to return the drugs or pay for them. If, however, during the transaction the buyer absconds with the car used by the seller to transport the drugs and refuses to return it, an action for conversion should not be barred.
In this case, the management contract was primarily for the use of space by Duncan. She had the sole discretion to furnish and stock the premises. Her personal property and the furnishings she supplied were not sold to Kasim (or even mentioned in the contract) but, like the car in the prior example, were the means by which she hoped to earn a profit from the transaction. They were independent of the illegal contract itself.
By analogy, conversion claims which are independent of a breach of contract are not barred by the economic loss rule. In Alex Hofrichter, P.A. v. Zuckerman & Venditti, 710 So.2d 127, 129 (Fla. 3d DCA 1998), the third district held:
In our view, an action for conversion and civil theft will lie where there is a claim that the defendant has misappropriated or embezzled trust funds, and such a claim amounts to an independent tort within the meaning of HTP. That analysis applies here, where the claim is that partnership property was converted to personal use.
Similarly, in Nerbonne, N.V. v. Lake Bryan Int'l Properties, 689 So.2d 322, 326-27 (Fla. 5th DCA 1997), this court held:
In Tinwood, N.V. v. Sun Banks, Inc., 570 So.2d 955 (Fla. 5th DCA 1990), disapproved on other grounds, 600 So.2d 1093 (Fla.1992), which involved claims for fraud and civil theft, this court reversed a directed verdict in favor of the defendants. This court held that an embezzlement whereby the defendant obtains possession of the plaintiff's funds and thereafter converts the funds to his *971 own use will justify an action for civil theft. Id. at 961. This court held that the mere existence of a contractual relationship between the parties does not preclude actions for civil theft and conversion. Id., citing Nova Flight Center, Inc. v. Viega, 554 So.2d 626 (Fla. 5th DCA 1989) (existence of lease contract does not bar civil theft claim that lessee's principals stole electricity and personalty from lessor). Other recent cases have interpreted the economic loss rule as not barring actions for fraud in the inducement, conversion and theft.
See also Burke v. Napieracz, 674 So.2d 756, 758 (Fla. 1st DCA 1996) ("Where, as here, it was not merely a failure to perform, but an affirmative and intentional act of converting the funds to his own use by allegedly stealing the monies to which he was entrusted, there is not merely a breach of contract but a separate and independent tort.")
We think the unjust enrichment claim is similar to the conversion claim. The elements of a cause of action for unjust enrichment are: 1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit, 2) the defendant accepts and retains the conferred benefit, and 3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it. See N.G.L. Travel Associates v. Celebrity Cruises, Inc., 764 So.2d 672, 675, n. 5 (Fla. 3d DCA 2000). In this case, Duncan alleged Kasim sold or converted her personal property, knowing the items belonged to her and accepted the benefits of the sale. The factual allegations are the same as those for the conversion claim and are sufficiently distinct from the illegal contract that it should not be seen as an enforcement of the contract.
Justice Terrell authored an opinion for the Florida Supreme Court in 1953 which supports our conclusion. In Wood v. Black, 60 So.2d 15 (Fla.1952), the court held that a general contractor who had partially completed the building of a house without a license, hence the illegality of the contract, could recover the reasonable value of labor and material furnished based on quantum meruit. The court held that Wood was not seeking to recover on the contract. He was seeking to recover the actual cost of labor, material and services furnished to Black with Black's knowledge and approval.
This case is even a step removed from the Wood case. Duncan did not contract to furnish Kasim with any personal property or goods. Anything she brought onto the premises was for the purpose of selling to the public, for her sole profit, as her sole business. In addition, to the extent she improved Kasim's property with fixtures not removable from the premises, she may be entitled to an unjust enrichment claim depending on the circumstances of the case and agreements of the parties, all of which have not been defined or determined at this point in the case.
Accordingly, we reverse and remand this case to the trial court for further proceedings regarding the counts pertaining to conversion and unjust enrichment. We affirm the balance of the summary judgment.
AFFIRMED in part; REVERSED in part; REMANDED.
PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] See Dr. Phillips, Inc. v. L & W Supply Corp., 790 So.2d 539 (Fla. 5th DCA 2001); Hussain v. Winn Dixie Stores, Inc., 765 So.2d 141 (Fla. 5th DCA 2000).
[2] That statute prohibits a person who has been convicted of a felony in the last five years from being employed as a bartender, person in charge or manager in a liquor lounge licensed by the Division of Alcoholic Beverages and Tobacco.