PER CURIAM.
 

 Johnny Baron, Jr., challenges the dismissal of his lawsuit against Cypress Tours, Inc., and Ahmed M. Osman, individually. We reverse.
 

 Baron’s claims are based upon an alleged agreement between Baron and Osman to cooperate in the undertaking of Cypress Tours, a one-bus charter business founded by Osman. The attachments to the complaint indicate Baron was issued 3030 shares in Cypress Tours and was appointed vice president and director of operations. Baron alleged that he and Osman orally agreed to equally split sixty percent of the gross income and that Osman failed to pay Baron his share of the gross proceeds before terminating their business relationship. Baron’s second amended complaint sought damages from Cypress Tours and Osman for breach of contract and unjust enrichment. Without explanation, the trial court dismissed Baron’s second amended complaint with prejudice. We review de novo the dismissal and accept all well-pled allegations as true.
 
 See Labance v. Dawsy,
 
 14 So.3d 1256, 1258 (Fla. 5th DCA 2009).
 

 To state a cause of action for breach of contract, a complaint need only allege facts that establish the existence of a contract, a material breach, and resulting damages.
 
 Friedman v. N.Y. Life Ins. Co.,
 
 985 So.2d 56, 58 (Fla. 4th DCA 2008). A valid contract arises when the parties’ assent is manifested through written or spoken words, or “inferred in whole or in part from the parties’ conduct.”
 
 Commerce P’ship v. Equity Contracting Co.,
 
 695 So.2d 383, 385 (Fla. 4th DCA 1997). A contract based on the parties’ words is characterized as express, whereas, a contract based on the parties’ conduct is said to be implied in fact.
 
 Id.
 
 The only distinction between an express and implied-in-fact contract is the manner in which the parties’ assent is manifested or proven.
 
 See
 
 1-1 Arthur L. Corbin,
 
 Corbin on Contracts
 
 § 1.19 (Joseph M. Perillo ed. 2010); 1 Richard A. Lord,
 
 Williston on Contracts
 
 § 1:5 (4th ed. 2010). While the law will not recognize an implied-in-fact contract where an express contract exists, a contract may be inferred where an express contract fails for lack of proof.
 
 See Quayside
 
 Assocs.,
 
 Ltd. v. Triefler,
 
 506 So.2d 6, 7 (Fla. 3d DCA 1987).
 

 If no express or implied-in-fact contract exists, a party may recover under quasi-contract.
 
 Am. Safety Ins. Serv., Inc. v. Griggs,
 
 959 So.2d 322, 331 (Fla. 5th DCA 2007). A quasi-contract, which is synonymous with unjust enrichment, differs from an express or implied-in-fact contract in that it is not based upon the parties’ assent.
 
 Commerce P’ship,
 
 695 So.2d at 386. Rather, it is an obligation created by the law to remedy the unjust retention of a benefit conferred by another.
 
 Id.
 
 A cause of action for a quasi-contract will exist where: (1) a plaintiff conferred a benefit on the defendant; (2) a defendant had knowledge of the benefit; (3) a defendant accepted or retained the benefit; and (4) the circumstances make it unjust to retain the benefit without compensation.
 
 Id.
 

 Baron’s second amended complaint contains sufficient allegations to establish the existence of an express oral contract or, in the alternative, an implied-in-fact contract. Baron alleged that he orally agreed to provide his services in exchange for thirty percent of the gross income. Attached to the complaint were Cypress Tours’ payroll records reflecting such payment. As Cypress Tours’ director of operations, Baron acquired contracts for transportation with various clients and used the
 
 *452
 
 charter bus to provide transportation. These facts, if proven, clearly evince that Baron was providing his services with the mutual understanding that he would share in the proceeds of the business.
 

 Baron also alleged a material breach and resulting damages based on Osman’s failure to fully compensate him before terminating their business relationship. Specifically, Baron alleged that he negotiated a contract with a community college on behalf of Cypress Tours and began providing transportation for the college’s sporting events, but never received his share of the gross proceeds. As a result of that breach, Baron alleged damages of $67,001, or roughly thirty percent of the proceeds from the college contract, which he expected to receive in exchange for his services.
 

 Baron also sufficiently alleged an alternative cause of action for quasi-contract. Baron alleged that he acquired a contract and provided transportation services, resulting in revenues for Cypress Tours. He further alleged that Osman knowingly accepted Baron’s services, retained the resulting proceeds, and it would be inequitable for Osman to retain the benefit without compensating Baron.
 
 [1]
 

 Based on the foregoing, we conclude the allegations in Baron’s second amended complaint sufficiently stated causes of action for breach of an express or implied contract and quasi-contract. We reverse and remand for further proceedings.
 

 REVERSED and REMANDED.
 

 PALMER, TORPY and COHEN, JJ., concur.
 

 [1]
 

 . Osman may be held liable individually for the unpaid compensation should the trial court find "[a]ctual wrongdoing in the form of fraud, self-dealing or unjust enrichment.”
 
 See Taylor v. Wellington Station Condo. Ass’n,
 
 633 So.2d 43, 45 (Fla. 5th DCA 1994).