[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10708

_____

D. C. Docket No. 2:09-cv-00267-UA-SPC

SKYTRUCK COMPANY LLC,
a Florida LLC,

Plaintiff-Appellant,

versus

SIKORSKY AIRCRAFT CORPORATION,
a Connecticut corporation,
POLSKIE ZAKLADY LOTNICZE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 13, 2012)

Before JORDAN and ANDERSON, Circuit Judges, and ALBRITTON,[*] District
Judge.

_____

[*]Honorable W. Harold Albritton, United States District Judge for the Middle District of
Alabama, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument, and have carefully considered the briefs and relevant parts of the record.  We conclude that the judgment of the district court should be affirmed.

With respect to Skytruck's tortious interference claim, we conclude that Defendants were interested parties with respect to the Non-Circumvention Agreement –i.e., they were not strangers to the contract.  For Skytruck to fully perform under that contract, it required the participation by Defendants, including permitting a factory visit by the parties and agreeing to sell aircraft.  See Palm Beach Healthcare v. Prof. Med. Educ., 13 So.3d 1090 (Fla. 4th DCA 1999); Genet Co. v. Anheuser-Busch, Inc., 498 So.2d 683 (Fla. 3d DCA 1986).  We also conclude that Skytruck has failed to sufficiently allege a lack of good faith or justification to nullify Defendants' qualified privilege to interfere.  Defendants were legally entitled to decline to permit Skytruck to market products on their behalf or otherwise represent them, and were legally entitled to choose their own representatives and sell to parties of their own choice.  "The cause of action for tortious interference . . . 'recognizes that economic relations are entitled to freedom from unreasonable interference.'"  Palm Beach, 13 So.2d at 1095 (quoting United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668, 672 (Fla. 1979)).

2

We also agree that the district court properly granted summary judgment in favor of Defendants on Skytruck's unjust enrichment claim. It is undisputed that the previous exclusive distributorship for the United States market was terminated by Defendants in March 2005. It is also undisputed that, first in April and then in May 2007, Skytruck attempted to resurrect some role for itself, which attempt was flatly rejected by Defendants. On April 16, 2007, PZL responded to Skytruck stating: "Please know that our sales and marketing plans do not include a role for the Skytruck company." And when Skytruck tried again, PZL responded on May 22, 2007: "As we stated in our April 16, 2007, correspondence, our sales and marketing plans do not include a role for Skytruck company."

Sierra Nevada, which was assisting the United States Air Force with procurement of aircraft, contacted Skytruck in August 2006 with an interest in the M28 aircraft manufactured by PZL. This was more than a year after termination of Skytruck's exclusive distributorship agreement with Defendants. Nevertheless, Skytruck represented to Sierra Nevada that it was the exclusive distributor in the United States for the M28 aircraft. Defendants had no knowledge of Skytruck's representation to Sierra Nevada, and had no knowledge of Skytruck's efforts with respect to Sierra Nevada (including Skytruck's November 5-6, 2007, demonstration to Sierra Nevada and the Air Force of the M28 aircraft which Skytruck owned or

3

controlled).  Defendants had no knowledge of such Skytruck efforts until mid-November 2007, when Skytruck requested a factory visit for Sierra Nevada and the Air Force.  Again, Defendants flatly rejected Skytruck's request.  PZL answered by email dated November 29, 2007, stating:

> As we have stated many times to Skytruck, LLC, PZL Milec's sales and marketing plans do not include a role for your company.  Thus, we will not be hosting a visit on your behalf as requested in your note.

Sikorsky also responded by letter dated November 29, 2007, stating:

> In response to your and Mr. McConnell's communications with Mr. Pino, Mr. Estill and others please be advised that Sikorsky Aircraft has no interest in establishing a relationship with Skytruck Company, LLC.  We will not be responding to the request from Skytruck Company and we ask that you not forward information or proposals to anyone at Sikorsky Aircraft.

Subsequent to the foregoing rejections, a captain in the Air Force contacted Defendants, arranged a factory visit for Sierra Nevada and the Air Force, and sales were subsequently negotiated and consummated.  Skytruck sued Defendants, asserting a claim for unjust enrichment.  After full discovery, the district court rejected Skytruck's claim on the basis of the unclean hands doctrine and on the basis of the "officious intermeddler" doctrine.

Without addressing the unclean hands doctrine,[1] we affirm on the basis of

---

[1]    Although in its dealings with Sierra Nevada, Skytruck clearly misrepresented its relationship with Defendants, Skytruck argues that the party asserting the unclean hands defense

4

the "officious intermeddler" doctrine.   The Florida Supreme Court in Tipper v. Great Lakes Chemical Co., 281 So.2d 10 (1973), adopted the principle of law found in Restatement of the Law of Restitution, §112, as follows:

> A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, *except* where the benefit was conferred under circumstances making such action necessary for the protection of the interests of the other person or of third persons.

Although the exception applied in Tipper, it does not apply in the instant case. Skytruck's several attempts to resurrect some arrangement with Defendants was repeatedly rejected with ample clarity.  Accordingly, Skytruck's efforts with Sierra Nevada were undertaken at its own risk, and thus gratuitously.  Assuming arguendo that Skytruck conferred a benefit upon Defendants that they otherwise would not have enjoyed,[2] we do not believe that Florida law empowers a party in Skytruck's shoes to force itself upon a party in Defendants' shoes and place Defendants in the position of either accepting Skytruck's intrusion or foregoing a profitable sale to a

---

(i.e., the Defendants here and not Sierra Nevada) has to prove harm or prejudice to itself. Because we affirm on the basis of the "officious intermeddler" theory, we need not address Skytruck's argument or the nature and extent of harm (if any) to either Sierra Nevada or the Defendants.

[2]    Although it seems likely that Sierra Nevada and the Air Force would ultimately have located the party or parties properly authorized to deal with the M28, Defendants have made no such assertion, and we have not examined the record in that regard.  Accordingly, we assume that Skytruck did confer a benefit.

5

customer like Sierra Nevada and the Air Force.  See Hermanowski v. Naranja Lakes Condominium, 421 So.2d 558, 560 (Fla. 3d DCA 1982) ("[N]o unjust enrichment occurs on these facts.  To hold otherwise would put [a party in Skytruck's shoes] in the position of being able to enhance cable TV services without any meeting of the minds regarding rates or services and subsequently seek additional payment." ).  We agree with the district court that the undisputed facts clearly indicate that Skytruck is an "officious intermeddler" and is not entitled to restitution.[3]

**AFFIRMED.**

---

[3]    In light of this resolution, we need not address the jury demand issue.