# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-1296
LT Case No. 2021-CA-018796

———————————————

THE CAPE, LLC and RIVERVIEW
ALF OPERATOR,

    Appellants,

    v.

OCH-ZIFF REAL ESTATE ACQUISITIONS
LP N/K/A SCULPTOR CAPITAL
INVESTMENTS, LLC and RIVERVIEW
BUYER, LLC,

    Appellees.

———————————————

On appeal from the Circuit Court for Brevard County.
George T. Paulk, Judge.

Tucker H. Byrd, Scottie N. McPherson, and Andrew Domingoes,
of Byrd Campbell, P.A., Winter Park, for Appellants.

Kimberly S. Mello, I. William Spivey, II, Colin S. Baker, and
Arda Goker, of Greenberg Traurig, P.A., Orlando, for Appellees.


September 15, 2023

KILBANE, J.,

    The Cape, LLC and Riverview ALF Operator, LLC,
(collectively "Appellants"), appeal an order granting a motion to
dismiss on all counts of their five-count complaint in favor of

Och-Ziff Real Estate Acquisitions LP n/k/a Sculptor Real Estate Acquisitions, LP, and Riverview Buyer, LLC (collectively "Appellees"). Because the trial court abused its discretion when it dismissed the entire complaint with prejudice without affording Appellants an opportunity to amend, we reverse.[1]

## Facts

In 2014, Appellants began the development of a 120-unit assisted living and memory care facility in Palm Bay, Florida ("the Project"). To meet their financing needs, Appellants borrowed $24,910,000.00 in First Mortgage Revenue Bonds Series 2014A ("the A Bonds") in addition to other bonds borrowed through a tax-exempt municipal bond program that the City of Palm Bay sponsored. Among other documents related to the bonds, Appellants were bound by the terms of a Trust Indenture

---

[1] Because Appellants did not request relief pursuant to Florida Rule of Civil Procedure 1.190(a) or our precedent in *Unrue v. Wells Fargo Bank, N.A.*, 161 So. 3d 536 (Fla. 5th DCA 2014), they waived the right to seek reversal based on leave to amend once as a matter of course. *See Coolen v. State*, 696 So. 2d 738, 742 n.2 (Fla. 1997) (explaining that the "failure to fully brief and argue" specific points on appeal "constitutes a waiver of these claims"); *Keech v. Yousef*, 815 So. 2d 718, 719 (Fla. 5th DCA 2002) ("A legal argument must be raised initially in the trial court by the presentation of a specific motion or objection at an appropriate stage of the proceedings."). However, Appellants did request leave to amend in their written response to the motion to dismiss, and the trial court's order explained repeatedly that amendment would be futile. *See Owens v. Corrigan*, 252 So. 3d 747, 749 n.3 (Fla. 4th DCA 2018) (finding the issue preserved where "it was presented to the trial court in the plaintiff's written response in opposition to the motion to dismiss" although not discussed at the hearing (citing *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985))); *see also Sparks v. Allstate Constr., Inc.*, 16 So. 3d 161, 164 (Fla. 3d DCA 2009) (explaining that an additional objection "would have been an obviously futile gesture" (quoting *Webb v. Priest*, 413 So. 2d 43, 46 (Fla. 3d DCA 1982))). Accordingly, the grounds briefed provide an independent and sufficient ground for reversal, and this opinion follows.

and Security Agreement ("Trust Indenture") and a Loan Agreement.

In 2018, Appellants sought a buyer for the A Bonds who would restructure them on more favorable terms. In accordance with an expressed mutual interest, in June 2018, Appellees sent Appellants a "Summary of Terms" document. Based on the proposed terms of the document, Appellees would purchase the A Bonds and reissue them so that Appellants could continue to operate the Project. In addition, Appellees would not enforce certain provisions of the Trust Indenture and Loan Agreement that would trigger a default. In return, Appellants would take out a corporate loan and pay the current bondholder representative $1,000,000.00 to subsidize Appellees' purchase of the A Bonds. By its own terms, however, the Summary of Terms was non-binding with regard to any of its substantive provisions discussing the potential purchase and modification of the A Bonds unless and until a definitive agreement could be reached subject to certain conditions and due diligence.

Appellants contended that the deal was affirmed in numerous emails and telephone calls, and in July 2018, they fully performed their end of the deal. They alleged that they took out the corporate loan as contemplated in the Summary of Terms to subsidize Appellees' purchase of the A Bonds and paid the million-dollar premium to the then-bondholder representative, a third-party. Appellees subsequently purchased the A Bonds from the third-party and became the bondholder representative. However, instead of reissuing and modifying the A Bonds, Appellees declared a default citing the fact that no definitive agreement was in place.

In March 2021, Appellants filed a five-count complaint against Appellees. Count I alleged a breach of contract; Count II alleged a breach of contract implied-in-fact; Count III alleged fraud in the inducement; Count IV alleged breach of contract based on the Trust Indenture and Loan Agreement; and Count V alleged unjust enrichment. In April 2021, Appellees filed a dispositive motion to dismiss. Appellants filed a response in opposition and requested leave to amend.

Because the Summary of Terms included a choice-of-law provision purporting to make New York law controlling, the trial court analyzed the breach of contract claims in light of both Florida and New York law. The court found that the Summary of Terms was an unenforceable agreement to agree. Additionally, the court found that no amendment to the breach of contract claims would make the alleged contract satisfy the statute of frauds. The court further concluded that the fraud in the inducement claim failed as a matter of law because it was derivative of a failed breach of contract claim. Finally, the court found that Appellants' unjust enrichment claim would never be able to satisfy the direct benefit requirement.

In sum, the trial court granted Appellees' motion and dismissed the entire complaint with prejudice without affording Appellants an opportunity to amend. This appeal followed.

### Analysis

The sufficiency of a complaint is a matter of law reviewed de novo. *Conner, I, Inc. v. Walt Disney Co.*, 827 So. 2d 318, 319 (Fla. 5th DCA 2002) (citing *Fox v. Pro. Wrecker Operators of Fla., Inc.*, 801 So. 2d 175, 178 (Fla. 5th DCA 2001)). "In ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true and in a light most favorable to the plaintiff." *Id.*

"As a general rule, Florida allows liberal pleading amendments unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or the amendment would be futile." *ABC Liquors, Inc. v. Centimark Corp.*, 967 So. 2d 1053, 1057 (Fla. 5th DCA 2007). "Where a party may be able to allege additional facts to support its cause of action or to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion." *Dennehy v. Srinagesh*, 345 So. 3d 962, 964 (Fla. 5th DCA 2022) (quoting *Kapley v. Borchers*, 714 So. 2d 1217, 1218 (Fla. 2d DCA 1998)).

4

## A. *Statute of Frauds*

The trial court correctly concluded that the Summary of Terms, without more, was an unenforceable agreement to agree.[2] However, the court found that amending the pleadings would be futile because no amendment would make the alleged contract satisfy the statute of frauds. We disagree.

Under Florida's Banking Statute of Frauds, "[a] debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." § 687.0304(2), Fla. Stat. (2021). This includes an "agreement by a creditor to take certain actions, such as entering

---

[2] As a threshold matter, we note that "applying the choice-of-law clause to resolve the contract formation issue would presume the applicability of a provision before its adoption by the parties has been established." *See Fridman v. 1-800 Contacts, Inc.*, 554 F. Supp. 3d 1252, 1259 (S.D. Fla. 2021); *see also Golden Palm Hosp., Inc. v. Stearns Bank Nat'l Ass'n*, 874 So. 2d 1231, 1235 (Fla. 5th DCA 2004) ("[I]t is generally appropriate for a court in Florida, as a procedural issue, to determine the validity and enforceability of a forum selection clause despite a choice of law provision in the agreement."). However, we do not address the choice-of-law issue at this stage in the proceedings because we agree with the trial court that under either Florida or New York law the Summary of Terms is not an enforceable agreement.

With no enforceable written agreement in place, we apply Florida law to Appellants' breach of contract claims. *See Shaps v. Provident Life & Acc. Ins. Co.*, 826 So. 2d 250, 254 (Fla. 2002) ("Under Florida's conflicts of law rules, the doctrine of *lex loci contractus* directs that, in the absence of a contractual provision specifying governing law, a contract, other than one for performance of services, is governed by law of the state in which the contract is made."); *Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1092–93 (11th Cir. 2004) ("The determination of where a contract was executed is fact-intensive, and requires a determination of 'where the last act necessary to complete the contract [wa]s done.'" (alteration in original) (quoting *Pastor v. Union Cent. Life Ins. Co.*, 184 F. Supp. 2d 1301, 1305 (S.D. Fla. 2002))).

into a new credit agreement, forbearing from exercising remedies under prior credit agreements, or extending installments due under prior credit agreements." § 687.0304(3)3., Fla. Stat. (2021). "A 'loan modification agreement . . . is both an agreement which extends credit and which makes a financial accommodation,' thus implicating the Banking Statute of Frauds." *Wells Fargo Bank, N.A. v. Richards*, 226 So. 3d 920, 922 (Fla. 4th DCA 2017) (alteration in original) (quoting *Vargas v. Deutsche Bank Nat'l Tr. Co.*, 104 So. 3d 1156, 1168 (Fla. 3d DCA 2012)).

However, full performance by one party with acceptance by the other party is sufficient to enforce an agreement that would normally be subject to the statute of frauds. *See J Square Enters. v. Regner*, 734 So. 2d 565, 566 (Fla. 5th DCA 1999) (agreeing that "[t]here is no logical reason . . . why the full performance doctrine should not also apply to the Bank Statute of Frauds"). Moreover, "[f]or purposes of the statute of frauds, several writings . . . may be aggregated to satisfy the statute." *Kolski ex rel. Kolski v. Kolski*, 731 So. 2d 169, 171–72 (Fla. 3d DCA 1999) (first alteration in original) (quoting *Cook v. Theme Park Ventures, Inc.*, 633 So. 2d 468, 471 (Fla. 5th DCA 1994)). Consequently, the statute of frauds did not conclusively bar Appellants' breach of contract claims. *See Conner, I*, 827 So. 2d at 319 ("Generally, the statute of frauds is an affirmative defense that cannot be raised in a motion to dismiss unless the complaint affirmatively shows the conclusive applicability of such defense to bar the action.").[3] Therefore, the trial court's dismissal of Counts I, II and IV without affording Appellants the opportunity to amend was error.

---

[3] Even if we were to apply New York law, we would reach the same result. Under New York law, it is well settled that partial performance of an oral agreement may be deemed sufficient to remove an agreement from the statute of frauds if that performance is "unequivocally referable" to the alleged oral agreement. *Bordeau v. Oakley*, 585 N.Y.S.2d 623, 625 (1992); *see also Eujoy Realty Corp. v. Van Wagner Commc'n, LLC*, 22 N.Y. 3d 413, 425–26 (N.Y. 2013) (explaining that where there is only partial performance, " 'the partial performance [must be] unequivocally referable' to the alleged oral modification" and that "[t]his analysis has also been applied to the statute of frauds and its codification at General Obligations Law § 5–703").

## B. *Fraud in the Inducement*

The trial court dismissed Appellants' fraud in the inducement claim as being merely derivative of a failed claim for breach of contract. However, as the breach of contract claims in this case are not failed, the fraud in the inducement claim is not merely derivative.

Additionally, Florida courts have recognized that a fraud in the inducement claim may be brought where the party makes an oral promise—contingent on certain circumstances—and the promisor has no intention to act on that promise. *See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 304–05 (Fla. 1st DCA 1999) (holding that the trial court wrongfully dismissed a claim for fraud in the inducement where it was based on the alleged intention of the defendant not to perform its contractual obligations). As we have explained:

> If a fraud is perpetrated which induces someone to enter into a contract, there is a cause of action for fraud and the remedies attendant to that particular tort are available. If there is no fraud inducing someone to enter into a contract, but the contract is breached, the cause of action sounds in contract and contract remedies are available.

*La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 712 (Fla. 5th DCA 1998). Because Appellants may be able to support their fraud in the inducement claim, dismissal of Count III without granting an opportunity to amend was error.

## C. *Unjust Enrichment*

If there is no express or implied-in-fact contract, a party may recover under quasi-contract or unjust enrichment. *Baron v. Osman*, 39 So. 3d 449, 451 (Fla. 5th DCA 2010) (citing *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. 5th DCA 2007)). Unjust enrichment "is an obligation created by the law to remedy the unjust retention of a benefit conferred by another." *Id.* The elements of unjust enrichment are: "1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit, 2) the defendant accepts and retains the conferred benefit, and 3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it."

*Duncan v. Kasim, Inc.*, 810 So. 2d 968, 971 (Fla. 5th DCA 2002). The benefit conferred must be a direct benefit. *Griggs*, 959 So. 2d at 331.

Appellants' complaint alleged that they took out a loan and paid $1,000,000.00—as contemplated in the Summary of Terms—to the then-bondholder representative for the sole purpose of subsidizing Appellees' purchase of the A Bonds. The third-party bondholder representative subsequently sold the A Bonds to Appellees. However, the trial court found that these circumstances did not satisfy the direct benefit requirement, and as a result, Appellants' unjust enrichment claim failed. The court relied on *Virgilio v. Ryland Group*, 680 F.3d 1329, 1337 (11th Cir. 2012), to support its conclusion. We find that the trial court's reliance on *Virgilio* is misplaced.

In *Virgilio*, the Eleventh Circuit distinguished *MacMorris v. Wyeth, Inc.*, wherein one party conferred a benefit on another party through an intermediary. 680 F.3d at 1337 (citing *MacMorris v. Wyeth, Inc.*, No. 2:04–cv–596–FTM–29–DNF, 2005 WL 1528626 (M.D. Fla. June 27, 2005)). As such, *Virgilio* does not stand for the proposition that a direct benefit cannot pass through an intermediary. *See Coffey v. WCW & Air, Inc.*, No. 3:17-CV-90-MCR-CJK, 2018 WL 4154256, at *9 (N.D. Fla. Aug. 30, 2018) ("[E]ven after *Virgilio* was decided, the Eleventh Circuit has found that a plaintiff may have conferred a 'direct benefit' on a defendant through an intermediary where, like in *MacMorris*, where the defendant directly profited from and [was] involved in depriving the plaintiff of the benefit at issue.").

We agree that "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant." *See Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 4248208, at *13 (S.D. Fla. Aug. 27, 2014) (alteration in original). Therefore, Appellants' claim alleging unjust enrichment satisfies the direct benefit requirement and dismissal of Count V was error.

## Conclusion

We conclude that the trial court abused its discretion when it dismissed Appellants' complaint with prejudice. Nothing in the record suggests that allowing Appellants to amend their complaint would prejudice the opposing party, that the privilege has been abused, or that amendment would be futile.

Accordingly, we reverse the trial court's order and remand this matter for further proceedings consistent with this opinion.

REVERSED and REMANDED.

EDWARDS, C.J., and HARRIS, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____